# In The United States Court of Federal Claims

No. 11-555 C

(Filed: March 26, 2012)

_____

RDA CONSTRUCTION CORP.,

                Plaintiff,

     v.

THE UNITED STATES,

                Defendant.

_____

**PROTECTIVE ORDER**

_____

      This matter is before the court on the parties' joint stipulation and proposed order pursuant to RCFC 26(c) and Fed. R. Evid. 502(d).[1] These filings follow a status conference held on January 26, 2012, at which the court, with the parties' cooperation, established a discovery schedule for this case that was incorporated in an order issued that same day.

      Upon consideration of the joint stipulation and proposed order and for good cause shown, it is hereby **ORDERED** as follows:

---

[1] Rule 502(d) provides that "[a] Federal court may order that the [attorney-client] privilege … is not waived by disclosure connected with the litigation pending before the court – in which event the disclosure is also not a waiver in any other Federal or State proceeding." That rule was enacted by Congress in 2008. *See* Pub. L. No. 110-332, § 1(a), 122 Stat. 3537. The legislative history indicates that the rule was adopted to resolve "longstanding disputes in the courts about the effect of certain disclosures of communications or information protected by the attorney-client privilege" and to avoid the notion that issues regarding the application of the privilege had to be litigated to the hilt in order to avoid inadvertent waivers of the privilege. 154 Cong. Rec. S1317-19 (Feb. 27, 2008) (statement of Sen. Leahy); *see also* 154 Cong. Rec. H7818-19 (Sept. 8, 2008) (statement of Rep. Jackson-Lee); *Jicarilla Apache Nation v. United States*, 91 Fed. Cl. 489, 494 & n.5 (2010).

1. Pursuant to Fed. R. Evid. 502, the production of documents and data pursuant to this Order shall not result in the waiver of the attorney-client privilege or work-product protection as to those documents and data. Also, the production of privileged or protected documents or data under this Order shall not result in the waiver of the attorney-client privilege or work-product protection as to those documents and data in any other Federal or State proceeding. Any privileged material inadvertently disclosed shall be and remain the property of the producing party.

2. If a party determines that it has produced a document or data to which it wishes to assert a claim of privilege or protection, its counsel shall notify opposing counsel promptly of its claim. As part of the notification, the party's counsel shall identify, by Bates number(s), the document(s) as to which the party is asserting a claim of privilege or protection.

3. A party receiving documents and data shall, through its counsel, notify opposing counsel upon identification of any document(s) or data that appears to be potentially privileged or protected. Such notification shall not waive the party's ability to challenge any assertion of privilege or protection made by the opposing party as to the identified document(s). As part of the notification, the party's counsel shall identify, by Bates Number(s), the document(s) or data at issue. The party's counsel shall segregate the specified document(s) or data, as well as any copies thereof, from the other materials, and the party's counsel shall not use the information in the potentially privileged or protected document(s) or data, except as provided by RCFC 26(b)(5)(B), for a period of 14 days after the date on which the party's counsel notifies opposing counsel. Within that 14-day period, or any other period of time agreed to by the parties, the opposing party shall determine whether it will assert a claim of privilege or protection as to the identified document(s), and its counsel shall notify the party's counsel of its determination.

4. Upon receiving notice of a claim of privilege or protection by the a party regarding a produced document or data, opposing counsel shall segregate, with promptness and in accordance with RCFC 26(b)(5)(B), the specified document or data, as well as any copies thereof, and opposing counsel shall not use the information in the specified document or data, except as provided by RCFC 26(b)(5)(B), until after the claim is resolved. If the court upholds – or if the opposing party does not challenge – the party's claim of privilege as to a produced document or data, opposing counsel shall return or dispose of the specified document or data, as well as any hard or electronic copies thereof. Within five business days of taking such measures, the opposing party shall certify that it has complied with the requirements of this paragraph.

**IT IS SO ORDERED**.

s/ Francis M. Allegra
Francis M. Allegra
Judge